# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VTP RIVER WOODS LLC,
and WTP ARBOR ONE LLC,

      Plaintiffs,

v.

CITY OF YPSILANTI,
a Michigan municipal corporation,

      Defendant.

Case No. 24-cv-12646
Hon. Matthew F. Leitman
Mag. Judge Kimberly G. Altman

---

J. Adam Behrendt (P58607)
Debani T. Gordon Lehman (P83909)
**Bodman, PLC**
Attorneys for Plaintiff
201 W. Big Beaver Road, Ste 500
Troy, MI 48084
(248) 743-6000
jbehrendt@bodmanlaw.com
dgordon@bodmonlaw.com

Richard V. Stokan, Jr. (P61997)
Daniel S. Zick (P77950)
**Kerr, Russell and Weber, PLC**
Attorney for Defendant
500  Woodward Ave, Ste. 2500
Detroit, MI 48226
(313) 484-3821
rstokan@kerr-russell.com
dzick@kerr-russell.com

---

## DEFENDANT CITY OF YPSILANTI'S MOTION TO DISMISS

**NOW COMES**, Defendant, **CITY OF YPSILANTI,** by and through its attorneys, **KERR, RUSSELL** and **WEBER, PLC**, and move this Court to dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In support of its Motion, Defendant relies upon its Brief in Support of Defendant's Motion to Dismiss.

The undersigned counsel certifies that there was a conference between attorneys, the nature of the relief sought by way of this motion was explained to counsel for Plaintiff and concurrence in the relief sought was not obtained.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and grant any other relief that this Court should find is equitable and just.

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC

BY: /s/ Richard V. Stokan, Jr._____
Richard V. Stokan, Jr. (P61997)
Daniel S. Zick (P77950)
Attorneys for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3427
T: 313-961-0200; F: (313) 961-0388
rstokan@kerr-russell.com

Dated: November 12, 2024

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES ............................................................ ii

CONTROLLING OR MOST APPROPRIATE ....................................................... iv

AUTHORITY FOR RELIEF SOUGHT.................................................................. iv

TABLE OF AUTHORITIES................................................................................... v

FACTUAL BACKGROUND ................................................................................... 1

STANDARD OF REVIEW ...................................................................................... 8

LAW AND ARGUMENT ......................................................................................... 9

   I.   Plaintiffs Have Failed to State a Valid Claim Upon Which Relief Can be Granted.................................................................................................................. 9

     a.   Municipal Liability................................................................................... 9

     b.   Count I - Equal Protection.......................................................................11

     c.   Count II - First Amendment ....................................................................12

     d.   Count III - Procedural Due Process ........................................................13

     e.   Count IV - Substantive Due Process ........................................................16

     f.   Count V – Mandamus...............................................................................18

CONCLUSION & RELIEF REQUESTED...............................................................20

CERTIFICATE OF SERVICE ................................................................................21

## CONCISE STATEMENT OF THE ISSUES

1. Should the court dismiss Plaintiffs' Complaint Because it Fails to State a Claim Upon Which Relief Can be Granted?

> *Defendant answers "yes"*
>
> *Plaintiffs answer "no"*
>
> *The court should answer "yes"*

2. Should the court dismiss Plaintiffs' Equal Protection claim for failure to state a claim?

> *Defendant answers "yes"*
>
> *Plaintiffs answer "no"*
>
> *The court should answer "yes"*

3. Should the court dismiss Plaintiffs' Equal Protection claim for failure to state a claim?

> *Defendant answers "yes"*
>
> *Plaintiffs answer "no"*
>
> *The court should answer "yes"*

4. Should the court dismiss Plaintiffs' Procedural Due Process claim for failure to state a claim?

> *Defendant answers "yes"*
>
> *Plaintiffs answer "no"*
>
> *The court should answer "yes"*

5.  Should the court dismiss Plaintiffs' Substantive Due Process claim for failure to state a claim?

>   *Defendant answers "yes"*
>
>   *Plaintiff answers "no"*
>
>   *The court should answer "yes"*

6.  Should the court dismiss Plaintiffs' Mandamus Claim for failure to state a claim?

>   *Defendant answers "yes"*
>
>   *Plaintiffs answer "no"*
>
>   *The court should answer "yes"*

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

**Municipal Liability**

*Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013) ....................................................11

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658; 98 S.Ct. 2018 (1978) .......................................................................................................9, 10, 11

**Equal Protection**

*MacDonald v. City of Detroit*, 434 F.Supp.3d 587 (E.D. Mich 2020) .....................11

*Village of Willowbrook v. Olech,* 528 U.S. 562; 120 S. Ct. 1073 (2000)................11

**First Amendment**

*Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002)....................................................13, 14

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580 (6th Cir. 2012) .................................13

**Procedural Due Process**

*Morrison v. Warren*, 375 F.3d 468 (6th Cir. 2004) ..................................................15

**Substantive Due Process**

*Brody v. City of Mason*, 250 F.3d 432 (6th Cir. 2001)............................................17

*Mitchell v McNeil*, 487 F.3d 374 (6th Cir. 2007)....................................................15

**Mandamus**

M.C.L. 600.4401 ............................................................................................. 18, 19

*Stat Emergency Medical Service, Inc. v. Saginaw Valley Medical Control Authority*, 2016 WL 3902742 (E.D. Mich. 2016) .....................................................................19

iv

# TABLE OF AUTHORITIES

## Cases

*Adair v. Charter County of Wayne*, 452 F.3d 482 (6th Cir. 2006) ...........................12

*Agema v. City of Allegan*, 826 F.3d 326 (6th Cir. 2016) .........................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).............................................................8, 9, 11

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007) ……………….………………………………………………………………..8

*Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002)………………………………13,14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).................................................8

*Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397; 117 S.Ct. 1382 (1997).......................................................................................................9,10

*Brody v. City of Mason*, 250 F.3d 432 (6th Cir. 2001)……………………………16

*Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013) ...................................................10

*County of Sacramento v. Lewis*, 523 U.S. 833; 118 S.Ct. 1708 (1998)………..….17

*Cummins v Robinson Twp*, 283 Mich App 677; 770 NW2d 421 (2009) ...........14, 15

*Gradisher v. County of Muskegon*, 255 F.Supp.2d 720 (W.D. Mich. 2000) ..........15

*Hardrick v. 36th District Court*, 2024 WL 1855423, slip op. (E.D. Mich. April 29, 2024) .......................................................................................................19, 20

*Harris v. Akron Dept. of Public Health*, 10 Fed. Appx. 316 (6th Cir. 2001) ..........17

*Ingraham v. Wright*, 430 U.S. 651; 97 S.Ct. 1401 (1977)…………………….....12

*Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008) .................................................8

*MacDonald v. City of Detroit*, 434 F.Supp.3d 587 (E.D. Mich 2020)....................12

*Mathews v. Eldridge*, 424 U.S. 319; 96 S.Ct. 893 (1976)…………………….....14

*Mitchell v McNeil*, 487 F.3d 374 (6th Cir. 2007) …………………………………17

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658; 98 S.Ct. 2018 (1978) .......................................................................................................10,11,12

*Morrison v. Warren*, 375 F.3d 468 (6th Cir. 2004)…………………………………15

*Pearson v. City of Grand Blanc*, 961 F.2d 1211 (6th Cir. 1992)……………………16

*Range v. Douglas*, 763 F.3d 573 (6th Cir. 2014)…………………………………...18

*Sensabaugh v. Haliburton*, 937 F.3d 621 (2019)…………………………………...12

*Seal v. Morgan*, 229 F.3d 567 (6th Cir. 2000)……………………………………16

*Stat Emergency Medical Service, Inc. v. Saginaw Valley Medical Control Authority*, 2016 WL 3902742 (E.D. Mich. 2016)……………………………………………..19

*Village of Willowbrook v. Olech,* 528 U.S. 562; 120 S. Ct. 1073 (2000)................12

*Waeschle v. Dragovic*, 576 F.3d 539 (6th Cir. 2009) ................................................14

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580 (6th Cir. 2012) ..................................13

**Statutes**

28 U.S.C. § 1361 ........................................................................................................19

42 U.S.C. § 1983 ..........................................................................................................9

M.C.L 117.4q ............................................................................................................ 15

M.C.L. 600.4401 .................................................................................................. 18, 19

M.C.L. 600.4411 ........................................................................................................18

**Rules**

Fed.R.Civ.P. 12(b)(6).................................................................................................8

## BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS

## FACTUAL BACKGROUND

Plaintiffs are the owners of properties located within the City of Ypsilanti ("City") which are known and operated as the Arbor One Apartments and Townhomes and the Arbor One West apartment community. (ECF No.1, PageID.3-4, ¶11-12). Pursuant to the City's Code of Ordinances, Plaintiffs are required to have a valid Certificate of Compliance ("COC") in order to utilize the apartments as rental properties. (ECF No.1, PageID.4, ¶ 13).

On or about August 12, 2024, an official for the City visited[1] Plaintiffs' properties.[2] (ECF No.1, PageID.5, ¶20). At this time, the official observed that the exteriors of the apartment buildings were in obvious disrepair and in clear violation of numerous building codes. Attached as **Exhibit A** are photographs which provide a visual depiction of the condition of the subject properties. As can be seen in the photographs, the exterior violations noted by the inspector were blatantly obvious to

---

[1] Despite Plaintiffs' allegation that the official visited Plaintiffs' properties based on an "improper assumption that they were under new management", Sec. 18-113 authorizes the building inspection department to "inspect any unites in the city more frequently than such period inspection as outlined in the previous sections, such as when a complaint is filed or it is otherwise has reasonable cause to believe the unit is in violation of the city Codes." (See ECF No.1-2, PageID.28).

[2] By way of background, City inspectors had been called to Plaintiffs' properties in July 2024 following receipt of a resident complaint. While investigating the resident complaint, a series of violations were observed. Examples of these violations are depicted in **Exhibit A**.

{39016/92/D1969859.DOCX;4}

anyone viewing the buildings, including broken windows, missing siding, and holes in exterior walls.



(Ex. A).



(Ex. A).



(Ex. A).

During his visit to the property, the official spoke to Plaintiffs' regional manager. (ECF No.1, PageID.5, ¶21). The official informed Plaintiffs' manager that there had been numerous complaints regarding Plaintiffs' properties. (Id., ¶22). After examining the condition of the exteriors of Plaintiffs' properties, the official issued exterior inspection correction notices for each of the properties. (ECF No. 1-4. PageID.45-103). Each of the inspection notices provided an itemization of code violations that the inspector observed, inspector comments, and a date and time for reinspection for September 17, 2024. (Id). By way of example, the detailed information included in the correction notice for 815 Green Road provides:

**LIST OF VIOLATIONS**

**605.1 Installation. Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner**
    **INSPECTOR COMMENTS:**
    **1. Light in disrepair**
    **2. Loose/hanging cable wires**

**IPMC304.1 - Repair exterior of structure- shall be maintained structurally sound, sanitary, and in good repair.**

**INSPECTOR COMMENTS:**
1. Siding missing/damaged/loose
2. Gutters need to be cleaned, they have vegetation growth
3. Clean siding

**IPMC304.13** - Repair window - shall be kept in good repair and weather tight.
    **INSPECTOR COMMENTS:** 3 Broken windows

**IPMC304.14** - Repair window screen(s) - shall be tightly fitting with a minimum of 16 mesh per inch during the period from April 1 to November 1.
    **INSPECTOR COMMENTS:** Damaged/missing

**IPMC304.15** - Repair exterior door - door and hardware shall be maintained in good condition.
    **INSPECTOR COMMENTS:** Entry doors in disrepair

**IPMC304.6** - Repair exterior walls - shall be free from holes/breaks and loose or rotting materials and maintained weatherproof and properly surface coated where required to prevent deterioration.
    **INSPECTOR COMMENTS:** Hole in wall

(ECF No.1-4, PageID.45-46).

Similarly detailed correction notices were issued for each of Plaintiffs' buildings, itemizing the numerous code violations. (Id.). These issues were detailed within the correction notices issued to Plaintiffs. (ECF No.1-4, PageID.45-103).

Plaintiffs were given over a month notice between the time the correction notices were issued and the time of the scheduled re-inspection date of September 17, 2024. (ECF No.1, PageID.7, ¶35). The properties were then re-inspected as scheduled on September 17, 2024. (Id., PageID.8, ¶¶39-41). At that time, it was found that Plaintiffs had failed to correct the violations outlined in the correction

6

notices. (Id.). Plaintiffs were then issued violations and provided notice of a formal hearing for the subject properties for October 17, 2024 at 9:00 a.m. (Id.; ECF No.1-6, PageID.109-152). Again, each Violation and Notice of Formal Hearing provided Plaintiffs with a description of the code violations found and set forth a date and time for formal hearing where Plaintiffs' representatives could appear to dispute the violations. (Id.).

Plaintiffs COCs for the subject properties were also suspended[3] as of September 17, 2024, as is required under Sec. 18-149 of the City's Code of Ordinances when code violations are found to exist. (ECF No.1-7, PageID.154). Following the suspension of the COCs and receipt of the violation and formal hearing notices, Plaintiffs' representatives sought to meet with City officials in advance of the scheduled October 17, 2024 formal hearing date. (ECF No.1, PageID.9). Given that Plaintiffs failed to make any effort to correct the violations or present a plan to make the required corrections, the City declined to meet in advance of the hearing. (Id.).

Plaintiffs now bring this lawsuit, alleging that the City's refusal to meet with them prior to the scheduled hearing was a violation of their constitutional rights. Specifically, Plaintiffs have brought equal protection, First Amendment, and due

---

[3] The City did not issue notice that the subject properties were required to be vacated and Plaintiffs' Complaint does not make any allegations to that effect.

process claims and ask this Court to issue a writ of mandamus directing the City to issue Plaintiffs' COCs for the subject properties. (ECF No. 1, PageID.20). For the reasons set forth below, Defendants move for dismissal.

## STANDARD OF REVIEW

Under Fed.R.Civ.P. 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movants' favor and accepts the allegations of facts therein as true. See *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed" factual allegations" to survive dismissal, however, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true. *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (internal quotation marks and citation omitted). It does not suffice for a complaint to "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id*. at 679.

## LAW AND ARGUMENT

### I. Plaintiffs Have Failed to State a Valid Claim Upon Which Relief Can be Granted.

### a. Municipal Liability

Counts I and II of Plaintiffs' Complaint allege liability against the City pursuant to 42 U.S.C. § 1983. (ECF No.1, PageID.12-15).  The Supreme Court has held that municipalities can only be treated as "persons" and subject to § 1983 liability under limited circumstances. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690; 98 S.Ct. 2018 (1978). A municipality cannot be liable for § 1983 deprivations merely because they employ an officer who violates § 1983. *Id.* at 691 ("[A] municipality cannot be held liable under § 1983 on a respondent superior theory."). In order to hold a municipality liable under § 1983, a plaintiff must identify a municipal policy or custom that caused plaintiff's injury. *Id.* at 694. *Monell* liability requires that a plaintiff show that "through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Board of*

*County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404; 117 S.Ct. 1382 (1997).

In order to demonstrate an illegal policy or custom, a plaintiff must show one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Plaintiffs' Complaint, although full of conclusory statements, does not contain any allegations to support *Monell* liability. There are no allegations that any policy or custom of the City was the moving force behind a violation of the Equal Protection Clause. (ECF No.1, PageID.12-13). Nor are there any allegations that any policy or custom of the City was the moving force behind a violation of Plaintiffs' First Amendment Rights. (ECF No.1, PageID.13-15). Instead, Plaintiffs' Complaint skips *Monell*'s requirements for municipal liability under § 1983 altogether and alleges that the City is liable for employing unnamed actors who Plaintiffs claim violated their rights. This is insufficient to make out claims for *Monell* liability.

For these reasons, Counts I and II should be dismissed for failing to state claims upon which relief may be granted. In the alternative, even if Plaintiffs had

satisfied the *Monell* pleading requirements, Plaintiffs have still failed to state claims upon which relief could be granted.

### b. Count I - Equal Protection

Count I of the Complaint alleges a "class of one" equal protection claim. (ECF No.1, PageID.12-13).  Under a "class of one" theory, a plaintiff must allege that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564; 120 S. Ct. 1073 (2000). The identification of a similarly situated comparator is a threshold matter when advancing a class of one theory. The failure to identify "other individuals and entities who were similarly situated to plaintiff" is fatal to a "class of one" claim. *MacDonald v. City of Detroit*, 434 F.Supp.3d 587 (E.D. Mich 2020) (dismissing plaintiff's equal protection claim for failure to sufficiently allege the existence of a comparator). "Threadbare allegations" that do not specifically identify a comparator and plead facts supporting similarity between the plaintiff and the alleged comparator are not sufficient to sustain a class of one equal protection claim. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Plaintiffs' Complaint fails to identify any similarly situated comparator whom they were treated differently than. While Plaintiffs allege that "other property owners received preferential treatment" despite alleged code violations, Plaintiffs have not identified any such property owners. Nor do Plaintiffs allege any facts demonstrating

a similarity between Plaintiffs' violations and the alleged violations of these unnamed comparators.  Instead, Plaintiffs only provide conclusory allegations that it was treated differently than others. "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). Accordingly, Plaintiffs have failed to sufficiently plead a valid claim for an equal protection violation and Count I of the Complaint should be dismissed.

### c. Count II - First Amendment

Count II of Plaintiffs' Complaint alleges a First Amendment retaliation claim. (ECF No.1, PageID.13-15). In order to succeed on a First Amendment retaliation claim, a plaintiff must demonstrate: (1) that it was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in some part as a response to the exercise of plaintiff's constitutional rights. *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006). However, not every action, no matter how small, is constitutionally cognizable as an adverse action. *Sensabaugh v. Haliburton*, 937 F.3d 621, 628 (6th Cir. 2019). The constitution is not concerned with *de minimis* levels of imposition. *Ingraham v. Wright*, 430 U.S. 651, 674; 97 S.Ct. 1401 (1977). It would "trivialize the First Amendment to allow

plaintiffs to bring First Amendment retaliation claims for *any* adverse action no matter how minor." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). When an alleged injury is "inconsequential, resulting in nothing more than a de minimis injury, the claim is properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-84 (6th Cir. 2012).

Here, Plaintiffs allege that they faced adverse action after submitting their September 25, 2024, FOIA request. (ECF No.1, PageID.13-15). However, Plaintiffs have failed to plead any actual injury that they faced as the result of the submission of their FOIA request. At most, Plaintiffs have alleged that the City did not respond to their requests for an informal meeting prior to the scheduled October 17, 2024, formal hearing date. (ECF No.1, PageID.13). But any unwillingness of the City to engage in an informal meeting with Plaintiffs prior to the scheduled formal hearing was completely inconsequential. Plaintiffs COC had already been suspended prior to the submission of their FOIA request and the formal hearing date had been set. (ECF No.1-6, PageID.109-152; ECF No.1-7, PageID.154). Whether City officials elected to voluntarily meet with Plaintiffs prior to the formal hearing was not of any consequence and cannot form a basis for a First Amendment retaliation claim.

### d. Count III - Procedural Due Process

Count III alleges violation of Procedural Due Process guaranteed by both the United States and Michigan Constitution. (ECF No.1, PageID.15). Michigan's due

process clause is coextensive with its federal counterpart and subject to the same analysis. *Cummins v Robinson Twp.*, 283 Mich. App. 677, 701; 770 NW2d 421 (2009); *Gradisher v. County of Muskegon*, 255 F.Supp.2d 720, 731 (2003). In order to prevail on a claim for procedural due process, Plaintiffs must show that they (1) had a life, liberty, or property interest protected by the Constitution; (2) were deprived of that interest by a state actor; and (3) were not afforded timely and adequate process under law. *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009). The Sixth Circuit has explained that "the fundamental requirement of procedural due process is that an individual be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir. 2004) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976)).

As set forth above, procedural due process requires notice and the opportunity to be heard. Plaintiffs' own Complaint demonstrates that were afforded both of these protections in this case. Despite claiming that they did not receive "proper notice of the charges against it", (ECF No.1, PageID.16, ¶92), Plaintiffs' Complaint includes the notices they received from the City. (ECF No.1-4, PageID.44). For each property at issue, Plaintiffs received an Exterior Inspection Correction Notice which detailed a list of violations and included inspector comments. (See ECF No.1-4, PageID.45-103). Following the exterior inspection, Plaintiffs received notices of violations and

formal hearings for the subject properties, which also referenced the sections of the Property Maintenance Code which the properties violated. (ECF No.1-6, PageID.108-152). These notices clearly communicated to Plaintiffs the nature of the violations that were found and that required correction.

Plaintiffs were also given the opportunity to be heard at a meaningful time and in a meaningful manner – specifically, the formal hearing date that was scheduled for October 17, 2024. What Plaintiffs ultimately take issue with is the fact that City officials did not choose to informally meet with Plaintiffs' representatives in advance of that formal hearing date. Plaintiffs allege, without any supporting information, that other unnamed property owners have been given the opportunity to meet with City officials prior to a formal hearing date. (ECF No.1, PageID.8-9, ¶¶38, 44). But whether officials chose to meet with Plaintiffs' representatives *prior* to the hearing date does not change the fact that they were given a formal hearing date, at which they had the opportunity to be heard in a meaningful manner and dispute the charges against them. (ECF No.1-6, PageID.109-152). In addition to the scheduled formal hearing, the process Plaintiffs were afforded also came with the ability to appeal the outcome of the hearing as of right.[4]

---

[4] See M.C.L. 117.4q(17)("A party may file an appeal within 28 days after entry of the decision and order by the hearing officer. An appeal of a final decision and order of an administrative hearing officer is to the circuit court.").

Plaintiffs' pleadings demonstrate that they were given notice and the opportunity to be heard. That Plaintiffs did not receive the preferential treatment they desired does not change this fact and does not amount to a violation of procedural due process. Therefore, the Complaint fails to set forth a valid procedural due process claim and dismissal is appropriate.

### e. Count IV - Substantive Due Process

Count IV of the Complaint alleges violation of substantive due process. (ECF No.1, PageID.17-19). "[T]o sustain a substantive due process claim [challenging a state entity's] administrative action, a plaintiff must show that the state administrative agency has been guilty of arbitrary and capricious action in the strict sense, meaning that there is no rational basis for the administrative decision." *Brody v. City of Mason*, 250 F.3d 432, 438 (6th Cir. 2001). "This requires a very strong showing." *Id.* "The administrative action will withstand substantive due process attack unless it is not supportable on any rational basis or is willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992). "Government actions that do not affect fundamental rights or liberty interests and do not involve suspect classifications will be upheld if it they are rationally related to a legitimate state interest." *Seal v. Morgan*, 229 F.3d 567, 575 (6th Cir. 2000). To state a cognizable substantive due process claim, the plaintiff must allege "conduct

intended to injure in some way unjustifiable by any government interest" and that is "conscience-shocking" in nature. *Mitchell v McNeil*, 487 F.3d 374, 377 (6th Cir. 2007) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849; 118 S.Ct. 1708 (1998).

Here, the City's has a legitimate government interest in enforcing its building codes. The Sixth Circuit has held that municipalities have a legitimate interest in the enforcement of rental ordinances, as deteriorated rental properties with code violations pose a threat to public health, safety, and welfare and further impact concerns such as new development, housing stock, property values, and aesthetics. *Harris v. Akron Dept. of Public Health*, 10 Fed. Appx. 316, 319 (6th Cir. 2001) (collecting cases). The City's enforcement of the rental property ordinance in this case was rationally related to that interest. (See Exhibit A for examples of the public health, safety, and welfare concerns at issue with Plaintiffs' properties).

Further, Plaintiffs do not allege any conduct which is "conscience-shocking" in nature. Despite Plaintiffs' conclusory allegations of bias[5], Plaintiffs' allegations boil down to the fact that Plaintiffs were given notices of exterior inspections (ECF No.1, PageID.6, ¶29), the exteriors of Plaintiffs' properties were inspected, and

---

[5] Plaintiffs' Complaint makes several allegations of bias or "corruption" against unnamed City officials. However, Plaintiffs provide no factual allegations that support any actual bias. Rather, Plaintiffs' allegations of bias rest solely on the fact that Plaintiffs were not given the preferential treatment they desired in requesting a pre-hearing meeting with the City.

violations were found (Id., ¶31), Plaintiffs were given notice of the violations (Id.,
PageID.8, ¶39), and a date and time was set for a formal hearing (Id.), and City
officials did not respond to Plaintiffs' representatives' requests for an informal
meeting prior to the formal hearing (Id., PageID.9, ¶ 45). These allegations, even
when accepted as true, simply do not "shock the conscience." "Conduct shocks the
conscience if it violates the decencies of civilized conduct." *Range v. Douglas*, 763
F.3d 573, 589 (6th Cir. 2014) [internals omitted]. Such conduct "includes actions so
brutal and offensive that they do not comport with the traditional ideas of fair play
and decency." *Id.* [internals omitted].

Here, Plaintiffs' allegations here fall well short of this bar and their Complaint
fails to articulate how the City not indulging Plaintiffs' request for a pre-hearing
meeting rises to the level of conscience shocking. Plaintiffs therefore fail to plead a
prima facie claim for violation of substantive due process and Count IV should be
dismissed.

### f.  Count V – Mandamus

Plaintiffs' Count V asks this Court, pursuant to Michigan's mandamus statute[6],
to "issue a writ of mandamus compelling the City to re-issue its COC, or at a
minimum, issue VTP a temporary COC." (ECF No.1, PageID.20, ¶120). Count V

---

[6] While Plaintiff's Complaint references M.C.L. 600.4411 (ECF No.1, PageID.19),
section 4411 deals with relief available on state law mandamus claims. The right to
bring an action for mandamus is set forth within section 4401.

should be dismissed as this Court lacks subject matter jurisdiction over mandamus claims against state officials. M.C.L. 600.4401 specifically sets forth where a mandamus action under the statute may be filed:

> (1) An action for mandamus against a state officer shall be commenced in the court of appeals, or in the circuit court in the county in which venue is proper or in Ingham county, at the option of the party commencing the action.

Section 4401, by its terms, does not permit the filing of a state law mandamus claim in a federal district court. See *Stat Emergency Medical Service, Inc. v. Saginaw Valley Medical Control Authority*, 2016 WL 3902742 (E.D. Mich. 2016) ("To the extent STAT is asking the court to enforce the Department's DJR findings against SVMCA, that is the subject of a state-law mandamus claim, which STAT did not bring and for which exclusive jurisdiction exists in Michigan state court."). Further, the federal mandamus statute, 28 U.S.C. § 1361 (which Plaintiffs have not pled in this case) also cannot apply in this case. This Court reiterated just months ago that federal courts lack jurisdiction over claims for mandamus brought against state officials and employees.

> With the foregoing standards in mind, the Court finds that Plaintiff's complaint for a writ of mandamus is subject to summary dismissal. Mandamus actions in federal court are authorized by 28 U.S.C. § 1361. That statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its terms, the statute only applies to officers or employees of the United States and does not apply to state officials or employees. *See Haggard v.*

*Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

*Hardrick v. 36th District Court*, 2024 WL 1855423, slip op. at *2 (E.D. Mich. April 29, 2024).

Accordingly, this Court lacks jurisdiction over Plaintiffs' request for a writ of mandamus and Count V of Plaintiffs' Complaint should be dismissed.

## CONCLUSION & RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests this Honorable Court enter a dismissal pursuant to Fed.R.Civ. 12(b)(6) and dismiss Plaintiffs' Complaint, and award costs wrongfully incurred.

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC


BY: /s/ Richard V. Stokan, Jr.
      Richard V. Stokan, Jr. (P61997)
      Daniel S. Zick (P77950)
      Attorneys for Defendant
      500 Woodward Avenue, Suite 2500
      Detroit, MI 48226-3427
      T: 313-961-0200; F: (313) 961-0388
Dated: November 12, 2024    rstokan@kerr-russell.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024, I filed the foregoing document with the Clerk of the Court using the Court's electronic filing system which will electronically serve all parties of record.

/s/ Richard V. Stokan, Jr.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VTP RIVER WOODS LLC,
and WTP ARBOR ONE LLC,

        Plaintiffs,

v.

CITY OF YPSILANTI,
a Michigan municipal corporation,

        Defendant.

Case No. 24-cv-12646
Hon. Matthew F. Leitman
Mag. Judge Kimberly G. Altman

---

## BRIEF FORMAT CERTIFICATION FORM

I, <u>Richard V. Stokan, Jr.</u>, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Leitman's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

{39016/92/D1969859.DOCX;4}

22

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ Richard V. Stokan, Jr.

Dated: November 12, 2024