# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VTP RIVER WOODS LLC,
and WTP ARBOR ONE LLC,

      Plaintiffs,

v.

CITY OF YPSILANTI,
a Michigan municipal corporation,

      Defendant.

Case No. 24-cv-12646
Hon. Matthew F. Leitman
Mag. Judge Kimberly G. Altman

| | |
|---|---|
| J. Adam Behrendt (P58607) | Richard V. Stokan, Jr. (P61997) |
| Debani T. Gordon Lehman (P83909) | Daniel S. Zick (P77950) |
| **BODMAN, PLC** | **KERR, RUSSELL AND WEBER, PLC** |
| Attorneys for Plaintiff | Attorney for Defendant |
| 201 W. Big Beaver Road, Ste 500 | 500  Woodward Ave, Ste. 2500 |
| Troy, MI 48084 | Detroit, MI 48226 |
| (248) 743-6000 | (313) 484-3821 |
| jbehrendt@bodmanlaw.com | rstokan@kerr-russell.com |
| dgordon@bodmonlaw.com | dzick@kerr-russell.com |

## DEFENDANT CITY OF YPSILANTI'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

**NOW COMES**, Defendant, CITY OF YPSILANTI**,** by and through its attorneys, KERR, RUSSELL and WEBER, PLC, and move this Court to dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 56. In support of its Motion, Defendant relies upon its Brief in Support of Defendant's Motion to Dismiss.

The undersigned counsel certifies that there was a conference between attorneys, the nature of the relief sought by way of this motion was explained to counsel for Plaintiff and concurrence in the relief sought was not obtained.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed.R.Civ.P.56 and grant any other relief that this Court should find is equitable and just.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**


BY: */s/ Daniel S. Zick*

      Richard V. Stokan, Jr. (P61997)
      Daniel S. Zick (P77950)
      Attorneys for Defendant
      500 Woodward Avenue, Suite 2500
      Detroit, MI 48226-3427
      T: 313-961-0200; F: (313) 961-0388
Dated: December 30, 2024      rstokan@kerr-russell.com
      dzick@kerr-russell.com

## TABLE OF CONTENTS

**CONCISE STATEMENT OF THE ISSUES** ........................................................4

**CONTROLLING OR MOST APPROPRIATE** ...................................6

**AUTHORITY FOR RELIEF SOUGHT** ..............................................6

**TABLE OF AUTHORITIES** ...............................................................7

**STANDARD OF REVIEW** ..................................................................9

**LAW AND ARGUMENT** ....................................................................11

I.     Plaintiffs Have Failed to State a Valid Claim Upon Which Relief Can be Granted. ...................................................................................................11

    a.   Count I - Equal Protection .....................................................11

    b.   Count II - First Amendment....................................................13

    c.   Count III - Procedural Due Process.......................................14

    d.   Count IV - Substantive Due Process .....................................18

    e.   Count V – Mandamus .............................................................21

**CONCLUSION & RELIEF REQUESTED** .........................................22

**CERTIFICATE OF SERVICE** ...........................................................23

## CONCISE STATEMENT OF THE ISSUES

1. Should the court dismiss Plaintiffs' Amended Complaint Because it Fails to State a Claim Upon Which Relief Can be Granted?

    *Defendant answers "yes"*

    *Plaintiffs answer "no"*

    *The court should answer "yes"*

2. Should the court dismiss Plaintiffs' Equal Protection claim as Defendant is entitled to judgment as a matter of law?

    *Defendant answers "yes"*

    *Plaintiffs answer "no"*

    *The court should answer "yes"*

3. Should the court dismiss Plaintiffs' First Amendment claim for failure to state a claim?

    *Defendant answers "yes"*

    *Plaintiffs answer "no"*

    *The court should answer "yes"*

4. Should the court dismiss Plaintiffs' Procedural Due Process claim as Defendant is entitled to judgment as a matter of law?

    *Defendant answers "yes"*

    *Plaintiffs answer "no"*

    *The court should answer "yes"*

5.  Should the court dismiss Plaintiffs' Substantive Due Process claim for failure to state a claim?

>   *Defendant answers "yes"*
>
>   *Plaintiff answers "no"*
>
>   *The court should answer "yes"*

6.  Should the court dismiss Plaintiffs' Mandamus Claim for failure to state a claim?

>   *Defendant answers "yes"*
>
>   *Plaintiffs answer "no"*
>
>   *The court should answer "yes"*

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

**Equal Protection**

*MacDonald v. City of Detroit*, 434 F.Supp.3d 587 (E.D. Mich 2020)....................11

*Village of Willowbrook v. Olech,* 528 U.S. 562; 120 S. Ct. 1073 (2000)................11

**First Amendment**

*Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002)....................................................13, 14

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580 (6th Cir. 2012) .................................13

**Procedural Due Process**

*Morrison v. Warren*, 375 F.3d 468 (6th Cir. 2004) ................................................15

**Substantive Due Process**

*Brody v. City of Mason*, 250 F.3d 432 (6th Cir. 2001)............................................17

*Mitchell v McNeil*, 487 F.3d 374 (6th Cir. 2007)....................................................15

**Mandamus**

M.C.L. 600.4401 ................................................................................................ 18, 19

*Stat Emergency Medical Service, Inc. v. Saginaw Valley Medical Control Authority*, 2016 WL 3902742 (E.D. Mich. 2016)....................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006) ...................12

*Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970) ...........................................9

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986) .....................................9

*Andrews v. City of Mentor,* Ohio, 11 F.4th 462, 474 (6th Cir. 2021)........................10

*Arendale v. City of Memphis,* 519 F.3d 587 (6th Cir.2008) ....................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................... 8, 9, 10

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) .......................................................................................................................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).......................................8

*Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)..................................................13

*Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380 (2004)...........................................................................................................20

*Cummins v Robinson Twp.*, 283 Mich. App. 677, 701; 770 NW2d 421 (2009)......14

*Harris v. Akron Dept. of Public Health*, 10 Fed. Appx. 316, 319 (6th Cir. 2001)...18

*Ingraham v. Wright*, 430 U.S. 651, 674; 97 S.Ct. 1401 (1977) ...............................12

*JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 927 (W.D. Mich. 2009) ..............11

*Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008)..................................................8

*Lenz v. Erdmann Corp*., 773 F.2d 62 (6th Cir. 1985)................................................9

*Liberty Lobby*, 477 U.S. at 248 ................................................................................9

*MacDonald v. City of Detroit*, 434 F.Supp.3d 587 (E.D. Mich 2020)....................10

*Mitchell v McNeil*, 487 F.3d 374, 377 (6th Cir. 2007)............................................18

*Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir. 2004) .........................................14

*Scott v. Harris*, 550 U.S. 372, 380 (2007)................................................................9

*Seal v. Morgan*, 229 F.3d 567, 575 (6th Cir. 2000)................................................18

*Village of Willowbrook v. Olech*, 528 U.S. 562, 564; 120 S. Ct. 1073 (2000).........10

*Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009) ......................................14

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-84 (6th Cir. 2012)....................13

**Statutes**

28 U.S.C. § 1361 ......................................................................................................19

42 U.S.C. § 1983 .......................................................................................................9

M.C.L 117.4q ................................................................................................. 15

M.C.L. 600.4401 ..................................................................................... 18, 19

M.C.L. 600.4411 ...............................................................................................18

**Rules**

Fed.R.Civ.P. 12(b)(6)........................................................................................8

Fed. R. Civ. P. 56..............................................................................................8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VTP RIVER WOODS LLC,
and WTP ARBOR ONE LLC,

      Plaintiffs,

v.

CITY OF YPSILANTI,
a Michigan municipal corporation,

      Defendant.

Case No. 24-cv-12646
Hon. Matthew F. Leitman
Mag. Judge Kimberly G. Altman

| | |
|---|---|
| J. Adam Behrendt (P58607) | Richard V. Stokan, Jr. (P61997) |
| Debani T. Gordon Lehman (P83909) | Daniel S. Zick (P77950) |
| **Bodman, PLC** | **Kerr, Russell and Weber, PLC** |
| Attorneys for Plaintiff | Attorney for Defendant |
| 201 W. Big Beaver Road, Ste 500 | 500  Woodward Ave, Ste. 2500 |
| Troy, MI 48084 | Detroit, MI 48226 |
| (248) 743-6000 | (313) 484-3821 |
| jbehrendt@bodmanlaw.com | rstokan@kerr-russell.com |
| dgordon@bodmonlaw.com | dzick@kerr-russell.com |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS FIRST AMENDED COMPLAINTFACTUAL BACKGROUND**

    Plaintiffs are the owners of properties located within the City of Ypsilanti ("City") which are known and operated as the Arbor One Apartments and Townhomes and the Arbor One West apartment community. (ECF No.12, PageID.243-244, ¶11-12). Pursuant to the City's Code of Ordinances, Plaintiffs are required to have a valid Certificate of Compliance ("COC") in order to utilize the apartments as rental properties. (ECF No.12, PageID.244, ¶ 13).

On or about August 12, 2024, an official for the City visited[1] Plaintiffs' properties.[2] (ECF No.12, PageID.245, ¶20). At this time, the official observed that the exteriors of the apartment buildings were in obvious disrepair and in clear violation of numerous building codes. ECF No. 8-1 contains photographs which provide a visual depiction of the condition of the subject properties. As can be seen in the photographs, the exterior violations[3] noted by the inspector were blatantly obvious to anyone viewing the buildings, including broken windows, missing siding, and holes in exterior walls.

---

[1] Despite Plaintiffs' allegation that the official visited Plaintiffs' properties based on an "improper assumption that they were under new management",  Sec. 18-113 authorizes the building inspection department to "inspect any unites in the city more frequently than such period inspection as outlined in the previous sections, such as when a complaint is filed or it is otherwise has reasonable cause to believe the unit is in violation of the city Codes." (See ECF No.12-2, PageID.277).

[2] By way of background, City inspectors had been called to Plaintiffs' properties in July 2024 following receipt of a resident complaint. While investigating the resident complaint, a series of violations were observed. Examples of these violations are depicted in ECF No. 8-1.

[3] As can also be seen in ECF No.8-1, the interiors of the apartments are in equally poor condition, exhibiting widespread mold issues, holes in drywall, broken fixtures, plumbing issues, and insect infestations.



(ECF No.8-1).



(ECF No.8-1).



(ECF No.8-1).

During his visit to the property, the official spoke to Plaintiffs' regional manager. (ECF No.12, PageID.245, ¶21). The official informed Plaintiffs' manager that there had been numerous complaints regarding Plaintiffs' properties. (Id., ¶22). After examining the condition of the exteriors of Plaintiffs' properties, the official issued exterior inspection correction notices for each of the properties. (ECF No. 12-4. PageID.295-353). Each of the inspection notices provided an itemization of code violations that the inspector observed, inspector comments, and a date and time for reinspection for September 17, 2024. (Id). By way of example, the detailed information included in the correction notice for 815 Green Road provides:

**LIST OF VIOLATIONS**

**605.1 Installation.** Electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner
   **INSPECTOR COMMENTS:**
   1. Light in disrepair
   2. Loose/hanging cable wires

**IPMC304.1 - Repair** exterior of structure- shall be maintained structurally sound, sanitary, and in good repair.

INSPECTOR COMMENTS:
1. Siding missing/damaged/loose
2. Gutters need to be cleaned, they have vegetation growth
3. Clean siding

IPMC304.13 - Repair window - shall be kept in good repair and weather tight.
INSPECTOR COMMENTS:  3 Broken windows

IPMC304.14 - Repair window screen(s) - shall be tightly fitting with a minimum of 16 mesh per inch during the period from April 1 to November 1.
INSPECTOR COMMENTS:  Damaged/missing

IPMC304.15 - Repair exterior door - door and hardware shall be maintained in good condition.
INSPECTOR COMMENTS:  Entry doors in disrepair

IPMC304.6 - Repair exterior walls - shall be free from holes/breaks and loose or rotting materials and maintained weatherproof and properly surface coated where required to prevent deterioration.
INSPECTOR COMMENTS:  Hole in wall

(ECF No.12-4, PageID.295-96).

Similarly detailed correction notices were issued for each of Plaintiffs' buildings, itemizing the numerous code violations. (Id.). These issues were detailed within the correction notices issued to Plaintiffs. (ECF No.12-4, PageID.295-353).

Plaintiffs were given over a month notice between the time the correction notices were issued and the time of the scheduled re-inspection date of September 17, 2024. (ECF No.12, PageID.248, ¶40). The properties were then re-inspected as scheduled on September 17, 2024. (Id., PageID.247, ¶47-49). At that time, it was found that Plaintiffs had failed to correct the violations outlined in the correction notices. (Id.). Plaintiffs were then issued violations and provided notice of a formal

7

hearing for the subject properties for October 17, 2024 at 9:00 a.m. (Id.; ECF No.12-6, PageID.359-402). Again, each Violation and Notice of Formal Hearing provided Plaintiffs with a description of the code violations found and set forth a date and time for formal hearing where Plaintiffs' representatives could appear to dispute the violations. (Id.).

Plaintiffs COCs for the subject properties were also suspended[4] as of September 17, 2024, as is required under Sec. 18-149 of the City's Code of Ordinances when code violations are found to exist. (ECF No.12-7, PageID.404). Following the suspension of the COCs and receipt of the violation and formal hearing notices, Plaintiffs' representatives sought to meet with City officials in advance of the scheduled October 17, 2024 formal hearing date. (ECF No.12, PageID.250). Given that Plaintiffs failed to make any effort to correct the violations or present a plan to make the required corrections, the City declined to meet in advance of the hearing. (Id.).

Plaintiffs now bring this lawsuit, alleging that the City's refusal to meet with them prior to the scheduled hearing was a violation of their constitutional rights. Specifically, Plaintiffs have brought equal protection, First Amendment, and due process claims and ask this Court to issue a writ of mandamus directing the City to

---

[4] The City did not issue notice that the subject properties were required to be vacated and Plaintiffs' Complaint does not make any allegations to that effect.

issue Plaintiffs' COCs for the subject properties. (ECF No.12, PageID.254-270). In response to Plaintiff's Complaint, Defendants filed their Motion to Dismiss. (ECF No.8). Rather than respond to Defendants' Motion, Plaintiffs opted to file an Amended Complaint. (ECF No.12). However, Plaintiff's Amended Complaint cannot save its claims from dismissal as it fails to state claims upon which relief may be granted and their claims fail as a matter of law. Accordingly, Defendants again move for dismissal for the reasons set forth below.

## **STANDARD OF REVIEW**

Under Fed.R.Civ.P. 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movants' favor and accepts the allegations of facts therein as true. See *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed" factual allegations" to survive dismissal, however, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true. *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (internal quotation marks and citation omitted). It does not suffice for a complaint to "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id*. at 679.

Under Rule 56, summary judgment is appropriate if the moving party shows that there is no genuine issue as to any material fact, such that a reasonable jury could find only for the moving party – even when viewing the evidence in a light most favorable to the non-moving party. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986); *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp*., 773 F.2d 62 (6th Cir. 1985).  Plaintiff must do more than simply show that there is some metaphysical doubt as to the material facts because allegations alone are not sufficient to avoid summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Liberty Lobby*, 477 U.S. at 248.

## LAW AND ARGUMENT

**I.    Plaintiffs Have Failed to State a Valid Claim Upon Which Relief Can be Granted.**

### a.   Count I - Equal Protection

Count I of the Amended Complaint alleges a "class of one" equal protection claim. (ECF No.12, PageID.254-257).  Under a "class of one" theory, a plaintiff must allege that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564; 120 S. Ct. 1073 (2000). The identification of a similarly situated comparator is a threshold matter when advancing a class of one theory. The failure to identify "other individuals and entities who were similarly situated to plaintiff" is fatal to a "class of one" claim. *MacDonald v. City of Detroit*, 434 F.Supp.3d 587 (E.D. Mich 2020) (dismissing plaintiff's equal protection claim for failure to sufficiently allege the existence of a comparator). "Threadbare allegations" that do not specifically identify a comparator and plead facts supporting similarity between the plaintiff and the alleged comparator are not sufficient to sustain a class of one equal protection claim. *Id.* (quoting *Iqbal*, 556 U.S. at 678).  In order for a comparator to be similarly situated, a plaintiff must show that he and the comparator are "similar in all of the relevant respects." *Arendale v. City of Memphis,* 519 F.3d 587, 604 (6th Cir.2008). This does not demand an exact correlation, but "relevant similarity" is necessary. *Andrews v. City of Mentor,* Ohio,

11 F.4th 462, 474 (6th Cir. 2021). While the question of whether a comparator is similarly situated is generally a question of fact for the jury; "however, where there is no genuine issue of fact that such a comparator exists, the court may decide this matter on summary judgment." *JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 927 (W.D. Mich. 2009).

Plaintiffs' Amended Complaint seeks to add similarly situated comparators, including the Red Lion, the River Drive Apartments, Covington Apartment, and Hamilton Crossing. (ECF No. 12, PageID. 254, ¶84). However, all Plaintiffs have done is list other apartment complexes within the City. The mere fact that these entities are also apartment complexes does not mean that they are similarly situated in all of the relevant respects as required to sustain a class of one claim. It is also not enough that some of these entities may have also had code violations that led to enforcement actions by the City. Attached as **Exhibit A** are inspection notices and reports issued to Red Lion, River Drive, and Covington. As can be seen, the repair notices issued to these other entities largely involved minor, interior repairs (such as loose or peeling paint, missing caulk, dirty vents or fans, etc.) and were a far cry from the abhorrent conditions found at Plaintiffs' properties.

In order for Plaintiffs to maintain a class of one claim, they are required to produce facts demonstrating that they received disparate treatment when compared to others who were materially similar in all relevant aspects. Plaintiffs have not, and

cannot, demonstrate that any of the apartment complexes they have identified received more preferential treatment than Plaintiffs while also committing as many egregious code violations as Plaintiffs. The reality is that Plaintiffs stand in a class of their own as pervasive and serial violators of the property maintenance code and housing law. They have no comparators within the City, and thus their equal protection claim fails as a matter of law.

### b. Count II - First Amendment

Count II of Plaintiffs' Amended Complaint alleges a First Amendment retaliation claim. (ECF No.12, PageID.257-260). In order to succeed on a First Amendment retaliation claim, a plaintiff must demonstrate: (1) that it was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in some part as a response to the exercise of plaintiff's constitutional rights. *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006). However, not every action, no matter how small, is constitutionally cognizable as an adverse action. *Sensabaugh v. Haliburton*, 937 F.3d 621, 628 (6th Cir. 2019). The constitution is not concerned with *de minimis* levels of imposition. *Ingraham v. Wright*, 430 U.S. 651, 674; 97 S.Ct. 1401 (1977). It would "trivialize the First Amendment to allow plaintiffs to bring First Amendment retaliation claims

for *any* adverse action no matter how minor." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). When an alleged injury is "inconsequential, resulting in nothing more than a de minimis injury, the claim is properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-84 (6th Cir. 2012).

Here, Plaintiffs allege that they faced adverse action after submitting their September 25, 2024, FOIA request. (ECF No.12, PageID.258). However, Plaintiffs have failed to plead any actual injury that they faced as the result of the submission of their FOIA request. At most, Plaintiffs have alleged that the City did not respond to their requests for an informal meeting prior to the scheduled October 17, 2024, formal hearing date. (ECF No.12, PageID.258). But any unwillingness of the City to engage in an informal meeting with Plaintiffs prior to the scheduled formal hearing was completely inconsequential. Plaintiffs COC had already been suspended prior to the submission of their FOIA request and the formal hearing date had been set. (ECF No.12-6; ECF No.12-7). Whether City officials elected to voluntarily meet with Plaintiffs prior to the formal hearing was not of any consequence and cannot form a basis for a First Amendment retaliation claim.

### c.  Count III - Procedural Due Process

Count III alleges violation of Procedural Due Process guaranteed by both the United States and Michigan Constitution. (ECF No.12, PageID.260-264). Michigan's due process clause is coextensive with its federal counterpart and subject

to the same analysis. *Cummins v Robinson Twp.*, 283 Mich. App. 677, 701; 770 NW2d 421 (2009); *Gradisher v. County of Muskegon*, 255 F.Supp.2d 720, 731 (2003). In order to prevail on a claim for procedural due process, Plaintiffs must show that they (1) had a life, liberty, or property interest protected by the Constitution; (2) were deprived of that interest by a state actor; and (3) were not afforded timely and adequate process under law. *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009). The Sixth Circuit has explained that "the fundamental requirement of procedural due process is that an individual be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir. 2004) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893 (1976)).

As set forth above, procedural due process requires notice and the opportunity to be heard. Plaintiffs' own Amended Complaint demonstrates that were afforded both of these protections in this case. Plaintiffs claim that they did not receive "proper notice of the charges against it" and that the notices they received were "unconstitutionally vague." (ECF No.12, PageID.261, ¶¶123-124). However, Plaintiffs are subject to the International Property Maintenance Code of 2018 as adopted by the City[5], as well as the provisions of Michigan's housing law[6]. Both the

---

[5] City of Ypsilanti Code of Ordinances, Art. V, Sec. 18-91.
[6] MCL 125.401, et seq.

IPMC and the housing law place the responsibility of maintenance and knowledge of compliance on the property owner. See IPMC 301.2 *Responsibility* "The *owner* of the *premises* shall maintain the structures and *exterior property* in compliance with these requirements. . ."); MCL 125.533 ("The owner of premises regulated by this act shall comply with all applicable provisions of the act."). Further, Section 106.3 of the IPMC as adopted by the City provides that code violations "will be considered a strict liability offense." Accordingly, Plaintiffs are not able to claim that they lacked notice as to the dilapidated condition of their properties. Not only are Plaintiffs required by law to have notice of the conditions of their properties, but the violations at issue in this case were plainly apparent for all to see, and included missing siding, broken windows, broken doors, and holes in exterior walls.

Further, the IPMC sets forth the notice requirements for code violations. Under Section 107.2, notices must:

1. Be in writing.
2. Include a description of the real estate sufficient for identification.
3. Include a statement of the violation and why the notice is being issued.
4. Include a correction order allowing a reasonable time to make the repairs and improvements required to bring the *dwelling unit* or structure into compliance with the provisions of the code.
5. Inform the property *owner* or owner's authorized agent of the right to appeal.
6. Include a statement of the right to file a lien in accordance with Section 106.3.

IPMC Sec. 107.2.

Plaintiffs' Amended Complaint includes the notices they received from the City, which were issued in compliance with these requirements. (ECF No.12-4, PageID.295-353). For each property at issue, Plaintiffs received an Exterior Inspection Correction Notice which detailed a list of violations and included inspector comments regarding those violations. (Id). Following the exterior inspection, Plaintiffs received notices of violations and formal hearings for the subject properties, which also referenced the sections of the Property Maintenance Code which the properties violated. (ECF No.12-6, PageID.359-402). These notices clearly communicated to Plaintiffs the nature of the violations, the properties at issue, and the required corrections. There is nothing "vague" about the notices that Plaintiffs received.

Plaintiffs were also given the opportunity to be heard at a meaningful time and in a meaningful manner – specifically, the formal hearing date that was scheduled for October 17, 2024. What Plaintiffs ultimately take issue with is the fact that City officials did not choose to informally meet with Plaintiffs' representatives in advance of that formal hearing date. Plaintiffs allege, without any supporting information, that other unnamed property owners have been given the opportunity to meet with City officials prior to a formal hearing date. (ECF No.12, PageID.250). But whether officials chose to meet with Plaintiffs' representatives *prior* to the hearing date does not change the fact that they were given a formal hearing date, at which they had the

opportunity to be heard in a meaningful manner and dispute the charges against them. (ECF No.12-6, PageID.359-402). In addition to the scheduled formal hearing, the process Plaintiffs were afforded also came with the ability to appeal the outcome of the hearing as of right.[7]

Plaintiffs were given notice and the opportunity to be heard. That Plaintiffs did not receive the preferential treatment they desired does not change this fact, nor does it amount to a violation of procedural due process. Accordingly, Plaintiffs' procedural due process claim fails as a matter of law.

### d.  Count IV - Substantive Due Process

Count IV of the Amended Complaint alleges violation of substantive due process. (ECF No.12, PageID.264-267). "[T]o sustain a substantive due process claim [challenging a state entity's] administrative action, a plaintiff must show that the state administrative agency has been guilty of arbitrary and capricious action in the strict sense, meaning that there is no rational basis for the administrative decision." *Brody v. City of Mason*, 250 F.3d 432, 438 (6th Cir. 2001). "This requires a very strong showing." *Id.* "The administrative action will withstand substantive due process attack unless it is not supportable on any rational basis or is willful and

---

[7] See M.C.L. 117.4q(17)("A party may file an appeal within 28 days after entry of the decision and order by the hearing officer. An appeal of a final decision and order of an administrative hearing officer is to the circuit court.").

unreasoning action, without consideration and in disregard of the facts or circumstances of the case." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992). "Government actions that do not affect fundamental rights or liberty interests and do not involve suspect classifications will be upheld if it they are rationally related to a legitimate state interest." *Seal v. Morgan*, 229 F.3d 567, 575 (6th Cir. 2000). To state a cognizable substantive due process claim, the plaintiff must allege "conduct intended to injure in some way unjustifiable by any government interest" and that is "conscience-shocking" in nature. *Mitchell v McNeil*, 487 F.3d 374, 377 (6th Cir. 2007) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849; 118 S.Ct. 1708 (1998).

Here, the City has a legitimate government interest in enforcing its building codes. The Sixth Circuit has held that municipalities have a legitimate interest in the enforcement of rental ordinances, as deteriorated rental properties with code violations pose a threat to public health, safety, and welfare and further impact concerns such as new development, housing stock, property values, and aesthetics. *Harris v. Akron Dept. of Public Health*, 10 Fed. Appx. 316, 319 (6th Cir. 2001) (collecting cases). The City's enforcement of the rental property ordinance in this case was rationally related to that interest. (See ECF No.8-1 for examples of the public health, safety, and welfare concerns at issue with Plaintiffs' properties).

Further, Plaintiffs do not allege any conduct which is "conscience-shocking" in nature. Despite Plaintiffs' conclusory allegations of bias[8], Plaintiffs' allegations boil down to the fact that Plaintiffs were given notices of exterior inspections (ECF No.12, PageID.245, ¶20), the exteriors of Plaintiffs' properties were inspected, and violations were found (Id., ¶31), Plaintiffs were given notice of the violations (Id., PageID.249, ¶47-49), and a date and time was set for a formal hearing (Id.), and City officials did not respond to Plaintiffs' representatives' requests for an informal meeting prior to the formal hearing (Id., PageID.250, ¶ 54). These allegations, even when accepted as true, simply do not "shock the conscience." "Conduct shocks the conscience if it violates the decencies of civilized conduct." *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) [internals omitted]. Such conduct "includes actions so brutal and offensive that they do not comport with the traditional ideas of fair play and decency." *Id.* [internals omitted].

Here, Plaintiffs' allegations here fall well short of this bar. It simply does not shock the conscience that Plaintiffs, egregious violators of the property maintenance code, were not given preferential treatment above and beyond what the City's Code

---

[8] Plaintiffs' Amended Complaint makes several allegations of bias or "corruption" against unnamed City officials. However, Plaintiffs provide no factual allegations that support any actual bias. Rather, Plaintiffs' allegations of bias rest solely on the fact that Plaintiffs were not given the preferential treatment they desired in requesting a pre-hearing meeting with the City.

of Ordinances and the IPMC provide. Plaintiffs' substantive due process claim therefore fails as a matter of law.

### e. Count V – Mandamus

Plaintiffs' Amended Count V asks this Court to issue a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651. (ECF.12, PageID.267-269). Plaintiff also ask that this Court invoke the Michigan mandamus statute, MCL 600.441. (Id., PageID.269, §167). Despite Plaintiffs amendment, Count V remains legally deficient as mandamus is a remedy, not a separate and distinct cause of action. *See Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380 (2004) (holding that mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary causes.") While federal courts may issue writs of mandamus to enforce rights protected by federal law, there must be some federal right attached to the request for mandamus relief. As set forth above, Plaintiffs' federal claims either fail to state claims upon which relief may be granted or fail as a matter of law. Accordingly, their mandamus claim also fails.

Further, Plaintiffs also cannot ask this Court to invoke the Michigan mandamus statute. M.C.L. 600.4401 specifically sets forth where a mandamus action under the statute may be filed:

> (1) An action for mandamus against a state officer shall be commenced in the court of appeals, or in the circuit court in the county in which venue is proper or in Ingham county, at the option of the party commencing the action.

21

Section 4401, by its terms, does not permit the filing of a state law mandamus claim in a federal district court. See *Stat Emergency Medical Service, Inc. v. Saginaw Valley Medical Control Authority*, 2016 WL 3902742 (E.D. Mich. 2016) ("To the extent STAT is asking the court to enforce the Department's DJR findings against SVMCA, that is the subject of a state-law mandamus claim, which STAT did not bring and for which exclusive jurisdiction exists in Michigan state court."). Additionally, while federal courts may issue writs of mandamus to enforce federal rights, "federal courts may not issue writs of mandamus to compel state officers to act in accordance with state law." *Hoffman v. Stump*, 172 F.3d 48, at *6. Therefore, Plaintiffs are not entitled to pursue a writ of mandamus in this case as they lack actionable federal law claims, and Count V should be dismissed.

## <u>CONCLUSION & RELIEF REQUESTED</u>

For the foregoing reasons, Defendant respectfully requests this Honorable Court enter a dismissal pursuant to Fed.R.Civ. 12(b)(6) Fed.R.Civ. 56 and dismiss Plaintiffs' Amended Complaint, and award costs wrongfully incurred.

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC


BY: */s/ Daniel S. Zick*_____
      Richard V. Stokan, Jr. (P61997)
      Daniel S. Zick (P77950)
      Attorneys for Defendant

Dated: December 30, 2024

500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3427
T: 313-961-0200; F: (313) 961-0388
rstokan@kerr-russell.com
dzick@kerr-russell.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, I filed the foregoing document with the Clerk of the Court using the Court's electronic filing system which will electronically serve all parties of record.

/s/ Daniel S. Zick

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

VTP RIVER WOODS LLC,
and WTP ARBOR ONE LLC,

Case No. 24-cv-12646
Hon. Matthew F. Leitman

   Plaintiffs,

Mag. Judge Kimberly G. Altman

v.

CITY OF YPSILANTI,
a Michigan municipal corporation,

   Defendant.

---

## BRIEF FORMAT CERTIFICATION FORM

I, <u>Daniel S. Zick</u>, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Leitman's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

*/s/ Daniel S. Zick*

Dated: December 30, 2024