UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VTP RIVER WOODS LLC,
and WTP ARBOR ONE LLC,

   Plaintiffs,

v.

CITY OF YPSILANTI,
a Michigan municipal corporation,

   Defendant.

Case No. 24-cv-12646
Hon. Matthew F. Leitman
Mag. Judge Kimberly G. Altman

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS FIRST AMENDED COMPLAINT**

**I. Plaintiffs have failed to set forth evidence in opposition to summary judgment and are not entitled to merely state that summary judgment is premature.**

The Federal Rules of Civil Procedure require a party faced with a motion for summary judgment to respond to specific facts and evidence. "The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party." *Id.* (citing *Anderson*, 477 U.S. at 248). In meeting their respective burdens of proof, the moving party may rely on any

of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989). Essentially, a motion for summary judgment may be used to "challenge the opposing party to 'put up or shut up' on a critical issue." *Id.* A nonmoving party must then present affirmative evidence to defeat a properly supported motion for summary judgment. *Id.* at 1479.

Rather than come forward with evidence which would support their equal protection and due process claims, Plaintiffs instead seek to rely on the conclusory argument that Defendant's Motion is premature. However, Plaintiffs have failed to follow the procedures available under the Federal Rules for asserting this defense to summary judgment. To establish that a motion for summary judgment is premature, the non-movant must "[show] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). "The affidavit must 'indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)). Courts have held that the failure to follow this established procedure bars a non-movant from arguing that a well-supported motion is premature, and that discovery

is needed. "[A] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f)[1] to set out reasons for the need for discovery in an affidavit." *Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 961 (4th Cir. 1996) (internal quotation omitted); ("An inadequate discovery time argument fails where the party complaining failed to take advantage of the procedural remedy offered in Rule 56(f).").

Here, Plaintiff has failed to follow this procedure and has only offered the mere speculation that discovery may reveal support for their claims. (ECF No.15, PageID.493). This is not sufficient to oppose Defendant's Motion under the Federal Rules of Civil Procedure and Plaintiffs desire to go fishing for evidence in support of their claims is not enough to entitle them to proceed with discovery in this case. By Plaintiffs' own admission, their properties have been cited for numerous code violations. (ECF No.12-6, PageID.359-402). Plaintiffs have not denied the violations or claimed that they were denied the opportunity to contest the violations in state proceedings. Instead, Plaintiffs claim they need more time to "review and comply with the notices." (Amended Complaint, ¶ 41, ECF No.12, PageID.248). Claims that notices are vague and do not provide proper notice of violations to be corrected are

---

[1] Subdivision (f) was moved to subdivision (d) without substantial change in the 2010 amendments to the Federal Rules of Civil Procedure.

similarly unsupported. (See Amended Complaint, ¶ 61, ECF No.12, PageID.251). First, the inspection reports provide clear details regarding the violations cited. (See ECF No.14-1, PageID.453-479). Second, if the written descriptions are not clear, a simple observation of the condition of the buildings and individual units is enough to place any reasonable person on notice. (See Photographs, ECF No.8-1, PageID.211-233).

## II. Plaintiffs First Amendment Claim

In response to Defendant's argument that Plaintiffs have failed to state a First Amendment retaliation claim, Plaintiffs argue that their First Amendment claim is not simply based on their submission of a FOIA request, but also based on statements which Plaintiffs representatives voiced criticisms of the building department and its ability to support its findings of code violations. (ECF No. 15, PageID.500). This clarification does not alter the fact that Plaintiffs did not face any actual retaliation in response to its speech. Even if Plaintiffs' Amended Complaint is accepted as true, at most, Plaintiffs were merely not provided the opportunity to engage in informal discussions with the City prior to the hearing. However, Plaintiffs were still afforded the same opportunity to be heard as they were otherwise entitled to under the law. The denial of an informal meeting was therefore of no consequence, and Plaintiffs' have thus failed to plead any actionable retaliation to support a claim under the First Amendment. Accordingly, Plaintiffs' First Amendment claim should be dismissed.

### III. Plaintiffs are improperly trying to utilize this lawsuit and their mandamus claim to attack a pending state administrative proceedings.

Defendant's Motion asks this Court to dismiss Plaintiffs' request for mandamus relief pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiffs lack actionable federal law claims and mandamus cannot be used by federal courts to compel state officers to act in accordance with state law. (ECF No.14, PageID.448). In response, Plaintiffs argue that that they are entitled to mandamus on the basis of their federal law claims. (ECF No.15, PageID.505-507). Once again, it is clear that Plaintiffs are attempting to use this federal court litigation, and their request for mandamus specifically, to undermine and circumvent state law proceedings. Plaintiffs have available to them established procedures for addressing the revocation of their COCs. There are ongoing proceedings with the City's Administrative Hearings Bureau ("AHB") in connection with the COCs and the underlying building code violations. Rather address those matters in the state administrative proceedings, Plaintiffs seek a writ of mandamus from this Court granting the relief they want from the AHB.

Generally, federal courts avoid matters that will "interfere with the proceedings or orders of state administrative agencies." *Rouse v. DaimlerChrysler Corp*, 300 F. 3d 711, 716 (2002) (quoting *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 361; 109 S.Ct. 2506 (1989). While this case may not strictly present

a *Burford*-type abstention scenario, it is unquestionable that Plaintiffs are seeking a writ of mandamus to order state actors to comply with state law in effort to have their COCs re-issued. This is an improper application of the All Writs Act. See *Dascola v. City of Ann Arbor*, 22 F.Supp.3d 736, 746 (E.D. Mich. 2014) (stating that "a federal court does not have the power to compel state officials to enforce state rights"). Accordingly, Plaintiff's request for mandamus relief should be dismissed.

### IV. Plaintiffs should not be permitted to Amend their Complaint Again.

Lastly, Plaintiffs argue in the alternative that they should be permitted to file a second amended complaint. (ECF No. 15, PageID.507). While leave to amend is generally "freely given when justice so requires", leave may be denied at the discretion of the court for various reasons, including where there has been "repeated failure to cure deficiencies by amendments previously allowed" or where amendment would be futile. *Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002). Additionally, the Sixth Circuit has upheld trial courts refusals to grant multiple requests for leave to amend in response to repeated motions to dismiss. *See Gentry v. Tennessee Bd. of Jud. Conduct*, No. 17-6171, 2018 WL 11339111 at *3-4 (6th Cir. Mar. 26, 2018) (finding district court did not abuse in discretion in denying plaintiff leave to file a third amended complaint where plaintiff "had already amended his complaint once as a matter of right, ... the district accepted his second amended complaint  even though he filed it without leave of court ... and [plaintiff]

was not entitled to continually update his complaint in response to motions to dismiss filed by the defendants"); See also *Nino v. Flagstar Bank, FSB*, 766 F. Appx 199, 204 (6th Cir. 2019) (finding that granting leave was unwarranted, in part, because of plaintiff's previous failure to cure).

Here, Plaintiffs have already amended their Complaint once in response to a motion to dismiss. (See ECF Nos. 8, 10, 12). That amendment failed to remedy the deficiencies in Plaintiffs' claims and Defendants again have sought dismissal. Further amendment would not be warranted as Plaintiffs have multiple opportunities to state their claims in this case.

## CONCLUSION & RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests this Honorable Court enter a dismissal pursuant to Fed.R.Civ. 12(b)(6) Fed.R.Civ. 56 and dismiss Plaintiffs' Amended Complaint, and award costs wrongfully incurred.

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC

BY: */s/ Daniel S. Zick*
    Richard V. Stokan, Jr. (P61997)
    Daniel S. Zick (P77950)
    Attorneys for Defendant
    500 Woodward Avenue, Suite 2500
    Detroit, MI 48226-3427
    T: 313-961-0200; F: (313) 961-0388

Dated: January 31, 2025
    rstokan@kerr-russell.com
    dzick@kerr-russell.com